# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ASHLEY TATE AND TOMEKA TATE**  **PLAINTIFFS**

**V.**  **CIVIL ACTION NO. 5:20-cv-00107-DCB-MT**

**DAYS INN WORLDWIDE, INC.**  **DEFENDANT**

## DAYS INNS WORLDWIDE, INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO THE COMPLAINT

COMES NOW Defendant Days Inns Worldwide, Inc. ("DIW")[1], and files this Answer to the Complaint. In support thereof, DIW states the following:

### FIRST DEFENSE

DIW contracts with independent owners and operators of guest lodging facilities, thus enabling those owners and operators to use the Days Inn® Service Marks and Trademarks, and to enjoy the benefits of the Days Inn® reservation system and marketing programs. DIW neither owns nor operates any guest lodging facilities, including the Facility located at 109 US-61, Natchez, MS 39120.

### SECOND DEFENSE

DIW also does not own the land on which the Facility is located.

### THIRD DEFENSE

The Facility is owned and operated by D I of Natchez, Inc., and was so owned and operated at the time of the alleged incident. DIW entered into a Franchise Agreement ("Franchise Agreement") with D I of Natchez, Inc. on or about March 1, 2005, relating to the operation of the

---

[1] The Complaint misstates the name of the Defendant as Days Inn Worldwide, Inc.

Facility. The Franchise Agreement provides that D I of Natchez, Inc. is solely and exclusively responsible for the day-to-day operations at the Facility.

**FOURTH DEFENSE**

Plaintiffs' claims may be barred by the statute of limitations.

**FIFTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against DIW.

**SIXTH DEFENSE**

Plaintiffs failed to mitigate their damages, to the extent they have any damages at all.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

**EIGHTH DEFENSE**

If any injuries or damages alleged in the Complaint resulted from any negligence, which is denied, then such injuries or damages were caused, in whole or in part, by acts or omissions of others for whom DIW has no liability. Without conceding that any person other than Plaintiffs acted in a manner contrary to the applicable standard of care under the circumstances, and pleading in the alternative only, in the event that Plaintiffs or any other party demonstrates a triable issue of fact with regard to the allegations made in the Complaint against any other person, DIW relies upon the document of comparative fault in order to reduce or eliminate its liability. See Miss. Code Ann. § 85-5-7.

**NINTH DEFENSE**

D I of Natchez, Inc. is not now nor has it ever been an agent of DIW.

DSK01 4852-5527-4682
2903528-000129

## TENTH DEFENSE

Any injuries sustained by Plaintiffs are the result of an unforeseeable series of events over which DIW had no control and for which DIW cannot be held liable.

## ELEVENTH DEFENSE

Any injuries and/or damages alleged by Plaintiffs were the result of superseding and/or intervening causes or caused by the negligence and/or fault of others over whom DIW had no control, and such negligence or fault should be compared, thereby reducing or completely barring Plaintiffs' alleged right to recover against DIW.

## TWELFTH DEFENSE

DIW avers that if any injuries or damages alleged in the Complaint resulted from any negligence, which is denied, then such injuries or damages were caused, solely or in part, by the comparative negligence of the Plaintiffs. Among other things, the injuries or damages alleged in Plaintiffs' Complaint were legally and proximately caused and arose out of a risk of which Plaintiffs had knowledge and understanding and voluntarily assumed.

## THIRTEENTH DEFENSE

Plaintiffs' damages, if any, should be offset against any collateral source payments, payments made on behalf or by DIW, settlements or other benefits.

## FOURTEENTH DEFENSE

Under the circumstances of this case, an award of punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, §§ 14, 22 and 28 of the Mississippi Constitution of 1890.

## FIFTEENTH DEFENSE

An award of punitive damages, as claimed by Plaintiffs under current Mississippi

DSK01 4852-5527-4682
2903528-000129

procedure, would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately, of the Constitution of the United States and Article No. 3, Section 14 of the Constitution of the State of Mississippi on each of the following separate and several grounds: (1) the procedures may result in the award of joint and several judgments against multiple parties for different alleged acts of wrong; (2) the procedures fail to provide means for awarding separate judgments against alleged tortfeasors; (3) the procedures fail to provide a limit on the amount of the award; (4) the procedures permit multiple awards and punitive damages for the same alleged act or omissions; (5) the procedures fail to provide a clear and consistent appellate standard of review of any award of punitive damages; and (6) the procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

DIW hereby gives notice that it intends to rely upon any other affirmative defenses that may become available or appear during the course of this case, and hereby reserves its right to amend its Answer to assert any such additional defenses or affirmative defenses.

**ANSWER**

AND NOW, having stated its affirmative defenses, DIW responds to the allegations of the Complaint, paragraph by paragraph, as follows:

1. Denied for lack of information.

2. Denied.

3. Admitted only that, based on information available to DIW, Plaintiff Tomeka Tate rented a room at the franchised Days Inn® branded location in Natchez, Mississippi. That location is owned and operated by D I of Natchez, Inc. All other allegations are denied.

4. Denied.

5. Denied.

4

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. DIW denies the penultimate, unnumbered paragraph of the Complaint beginning with the word "Wherefore," and denies that Plaintiffs are entitled to any relief against DIW whatsoever.

23. DIW acknowledges that Plaintiffs have made a jury demand, but state that Plaintiffs are not entitled to the same if the contract between Plaintiffs and D I of Natchez, Inc. does not permit same.

DSK01 4852-5527-4682
2903528-000129

24. To the extent DIW has not affirmatively admitted an allegation contained in the Complaint, the allegation is denied. DIW expressly reserves the right to amend and/or add additional defenses and affirmative defenses as discovery continues. DIW further denies that Plaintiffs are entitled to any relief whatsoever and requests that this Court dismiss the Complaint and assess all costs to Plaintiffs.

Respectfully submitted, this the 23rd day of April, 2020.

DAYS INNS WORLDWIDE, INC.

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC

By: */s/ D. Sterling Kidd*
D. STERLING KIDD

D. Sterling Kidd (MS Bar No. 103670)
BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
*Telephone*: (601) 351-2400
*Facsimile*: (601) 351-2424
skidd@bakerdonelson.com

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing with the Clerk of the Court using the MEC system which served a copy upon all counsel of record who have registered with that system.

This the 23rd day of April, 2020.

*/s/ D. Sterling Kidd*
D. STERLING KIDD

DSK01 4852-5527-4682
2903528-000129